# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## BID PROTEST

| | |
|---|---|
| DynCorp International LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-01133-LAS |
| United States of America, | ) Judge Loren A. Smith |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF
## KELLOGG, BROWN & ROOT SERVICES, INC.'S MOTION TO INTERVENE

Pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC"), Kellogg, Brown & Root Services, Inc. ("KBR") respectfully moves this Court to join in this action as a Defendant-Intervenor. KBR is an awardee under the Solicitation at issue in this bid protest: Solicitation No. W52P1J-16-R-0001 (the "Solicitation") for Logistics Civil Augmentation Program (LOGCAP) V. KBR has a right to intervene as it has a substantial interest in the subject of this litigation, and the resolution of the action may impair or impede KBR's ability to protect its interest.

Under RCFC 24(a), this Court must permit anyone to intervene who, upon a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." RCFC 24(a). Comporting with the mandatory language in the rule, "[t]he United States Court of Appeals for the Federal Circuit has advised that the requirements for intervention are to be

construed in favor of intervention." *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quotation marks omitted).

In determining whether a motion to intervene is timely, this Court looks to three factors: (1) the length of time that the applicant knew or should have known of its rights; (2) whether the prejudice to other parties resulting from intervention outweighs the prejudice to the applicant of denying intervention; and (3) the existence of any unusual circumstances. *M.E.S., Inc. v. United States*, 99 Fed. Cl. 239, 242 (2011).

Here, KBR's Motion to Intervene is timely, having been filed the day after DynCorp International LLC ("DynCorp") filed its Complaint on August 5, 2019. Moreover, the existing parties will suffer no prejudice should the Court grant KBR's Motion to Intervene because no action has taken place in the litigation. In contrast, KBR would be substantially prejudiced were it denied the opportunity to defend its awards. There are also no unusual circumstances affecting the case. For these reasons, KBR's Motion to Intervene is timely and appropriate.

Furthermore, KBR indisputably "claims" an interest in the transaction that is the subject of the litigation. On April 12, 2019, KBR was awarded an indefinite-delivery, indefinite-quantity (IDIQ) contract and three initial task orders under the Solicitation. As a successful awardee, KBR now has a direct and immediate interest in the litigation because its economic well-being could well be affected by the Court's resolution of this bid protest. *See Emerald Coast Finest Produce Co., Inc. v. United States*, 74 Fed. Cl. 679, 680-81 (2006) (granting a contract awardee's motion to intervene where it alleged that, as an awardee, it was an interested party whose economic well-being would be affected by the case). KBR, as an awardee, may be denied the opportunity to perform and receive profits on its awards, and, importantly, KBR

would have no legal recourse to recover those profits, should the Court issue judgement in favor of DynCorp.

Lastly, KBR's interests are not identical to those of the Government. KBR's primary concern will be to ensure that the resolution of the action does not impair its opportunity to perform the awarded contract and task orders. The Government's primary interests lie elsewhere, and it may present arguments and propose relief that are at odds with KBR's interests. Where the intervenor's interest is similar but not identical to that of an existing party, the applicant ordinarily should be allowed to intervene. *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 417 (2006). "The burden of showing the inadequacy of representation is minimal." *Id.* This is especially true where such relief may include reopening of the procurement.

For the foregoing reasons, KBR respectfully requests that the Court enter an order granting KBR's Motion to Intervene in this bid protest.

Dated: August 6, 2019

                                            Respectfully submitted,

                                            */s/ Lee P. Curtis*

Of Counsel:                                Lee P. Curtis
                                            PERKINS COIE LLP
Seth H. Locke                            700 13th Street, N.W., Suite 600
David E. Fletcher                      Washington, D.C.  20005
PERKINS COIE LLP                  (202) 434-1647 (Telephone)
                                            (202) 654-9121 (Facsimile)
                                            LCurtis@perkinscoie.com

*Attorneys for*
*Kellogg, Brown & Root Services, Inc.*

                                            *Counsel of Record for*
                                            *Kellogg, Brown & Root Services, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2019, pursuant to RCFC5, 5.3, and Appendix E, paragraph 12, I caused the foregoing document to be filed electronically. All counsel of record will be served by operation of the Court's electronic filing system.

*/s/ Lee P. Curtis*
Lee P. Curtis