# In the United States Court of Federal Claims

No. 19-1133
Filed: May 21, 2020
Reissued: June 8, 2020[1]

| | |
|---|---|
| DYNCORP INTERNATIONAL LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | Corrective Action; FAR 15.404-1(b)(2); |
| Defendant, ) | FAR 15.404-1(b)(3); Price |
| ) | Reasonableness; Price Analysis |
| and ) | Techniques; Price Analysis Procedures; |
| ) | Agency Discretion. |
| KELLOGG, BROWN & ROOT ) | |
| SERVICES, INC., VECTRUS SYSTEMS ) | |
| CORPORATION, FLUOR ) | |
| INTERCONTINENTAL, INC., and ) | |
| PAE-PARSONS GLOBAL LOGISTICS ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant-Intervenors. ) | |

*Lawrence Philip Block*, Reed Smith LLP, Washington, DC, for plaintiff.

*William Porter Rayel*, U.S. Department of Justice, Civil Division, Washington, DC, for defendant.

*Andrew Emil Shipley*, Wilmer Cutler, et al., LLP, Washington, DC, for defendant-intervenor, Fluor Intercontinental, Inc. *Anuj Vohra*, Crowell & Moring LLP, Washington, DC, for defendant-intervenor, PAE-Parsons Global Logistics Services, LLC. *Kevin Patrick Mullen*, Morrison & Foerster, LLP, Washington, DC, for defendant-intervenor, Vectrus Systems Corporation. *Lee Paul Curtis*, Perkins Coie, Washington, DC, for defendant-intervenor, Kellogg, Brown & Root Services, Inc.

---

[1] An unredacted version of this Opinion and Order was issued under seal on May 21, 2020. The parties were given an opportunity to propose redactions, but no such proposals were made.

**OPINION AND ORDER ON CORRECTIVE ACTION**

*SMITH*, Senior Judge

    For the reasons set forth in the Court's May 21, 2020 Opinion and Order, plaintiff, DynCorp International LLC ("DynCorp"), would have succeeded on the merits of its underlying protest but for the United States Department of the Army's ("Army" or "Agency") decision to take corrective action related to its price reasonableness evaluations. *See generally* Opinion and Order, ECF No. 143. Consistent with discussions held during a December 3, 2019 Status Conference, the government filed a status report on December 9, 2019, notifying the Court of its intent to take corrective action with respect to the Army's price reasonableness determinations. *See generally* Defendant's Status Report Regarding Corrective Action and Motion to Stay Proceedings, ECF No. 111. On December 17, 2019, the Court issued an Order staying and remanding the case to the Agency for a period of forty-five days—up to and including January 31, 2020—for the Agency to conduct corrective action. Order Remanding Case to Army, ECF No. 114. In that Order, the Court also directed defendant to file a status report on or before February 7, 2020, "apprising this Court of the results of the Agency's corrective action and providing the Court with the Agency's new price reasonableness determinations." *Id.* at 2. In turn, the Court afforded the plaintiff seven days—up to and including February 14, 2020—to respond to defendant's Status Report. *Id.* at 2.

    On February 5, 2020, defendant filed a status report regarding corrective action along with over 1,000 pages of supporting documentation. *See* Defendant's Status Report Regarding Corrective Action, ECF No. 115; *see also* Associated Documents, ECF No. 116. On February 10, 2020, plaintiff filed a motion to compel completion of the Administrative Record, arguing that "core documents" created during corrective action were missing from the record and requesting that "the Court order the Army to complete the [Administrative Record] by producing the missing documents." DynCorp International LLC's Motion to Compel Defendant to Complete the Administrative Record on Corrective Action and Memorandum in Support Thereof and Request for Extension to Respond to Agency's Corrective Action, ECF No. 117 at 2. Subsequently, on February 14, 2020, plaintiff filed a response to defendant's Status Report regarding corrective action. *See generally* DynCorp International LLC's Response to Defendant's Corrective Action Status Report, ECF No. 118 (hereinafter "Pl.'s Remand Resp."). In that Response, plaintiff argued that "[t]he Army's corrective action failed to resolve the procurement errors identified by this Court, and instead it perpetuated the Army's failure to conduct a price reasonableness analysis compliant with [Federal Acquisition Regulation ('FAR')] 15.404-1." *Id.* at 2. A status conference was held on February 19, 2020, regarding those filings, during which the Court granted plaintiff's Motion to Compel and set a briefing schedule for the parties to respond to corrective action.

    In accordance with the Court's direction, defendant completed the Administrative Record on February 27, 2020. *See generally* Defendant's Notice of Completing the Administrative Record, ECF No. 122. On March 9, 2020, plaintiff filed its Supplemental Response to the completed Administrative Record, reiterating, *inter alia*, that the Army's price reasonableness evaluations on corrective action did not comply with FAR 15.404-1. *See* DynCorp International LLC's Supplemental Response to Defendant's Completed Administrative Record, ECF No. 124,

(hereinafter "Pl.'s Suppl. Resp.") at 3.  On March 20, 2020, defendant filed its Response, arguing that, on corrective action, the Agency complied with both the Court's instructions and the FAR in conducting its price reasonableness evaluations.  *See* Defendant's Response to Plaintiff's Response to Defendant's Corrective Action Status Report and Plaintiff's Supplemental Response to Defendant's Completed Administrative Record, ECF No. 131, (hereinafter Def.'s Resp.") at 12.  That same day, defendant-intervenors, Kellogg, Brown & Root Services, Inc. ("KBR") and Vectrus Systems Corporation ("Vectrus"),[2] filed their respective Responses.  *See generally* Kellogg, Brown & Root Services, Inc.'s Response to DynCorp International LLC's Response to Defendant's Corrective Action Status Report and Supplemental Response to the Completed Administrative Record, ECF No. 132 (hereinafter "KBR's Resp."); Vectrus's Response to DynCorp's Supplemental Response to Defendant's Completed Administrative Record, ECF No. 133 (hereinafter "Vectrus's Resp.").  On March 27, 2020, plaintiff filed its Reply in support of its Responses to the completed Administrative Record.  *See generally* DynCorp International LLC's Reply in Support of its Response and Supplemental Response to Defendant's Corrective Action Status Report and Completed Administrative Record, ECF No. 134.  The Court held a hearing to discuss the Agency's corrective action on April 13, 2020.  Plaintiff's Response and Supplemental Response to the Army's corrective action are now fully briefed and ripe for review.

The crux of plaintiff's argument is seemingly that plaintiff disagrees with the manner in which the Agency conducted its price reasonableness evaluations.  *See generally* Pl.'s Remand Resp.; Pl.'s Suppl. Resp.  In its initial Response to defendant's Corrective Action Status Report, plaintiff argues that "[t]he Army's new price reasonableness evaluations were not compliant with FAR 15.404-1(b), and as a result, the Army once again irrationally concluded that all proposed prices are reasonable, despite the wide range in proposed prices for the [Firm-Fixed Price] and [Cost-Plus-Fixed-Fee] CLINS proposed by offerors."  Pl.'s Remand Resp. at 11.  Specifically, plaintiff contends that the Agency's decision to use the selected price reasonableness technique violated FAR 15.404-1(b)(3)'s requirement that the contracting officer utilize one of the two "preferred" price analysis methods listed in FAR 15.404-1(b)(2).  *See id.* at 12–13.  Additionally, plaintiff argues that the Agency violated the Court's direction by failing to conduct a new best-value tradeoff or issue a new source selection decision.  Pl.'s Suppl. Resp. at 9.

In response, defendant argues that the Agency complied with both the Court's instructions and the FAR in conducting its price reasonableness evaluations on corrective action.  *See* Def.'s Resp. at 12.  Specifically, defendant contends that analyzing "data other than certified cost and pricing data" is explicitly "listed in FAR § 15.404-1(b)(2)(vii) as one of the price analysis techniques that agencies 'may use.'"  *Id.* at 15–16 (quoting FAR 15.404-1(b)(2)).  Moreover, defendant argues that, although FAR 15.404-1(b)(3) indicates that the first two price analysis techniques are "preferred," the FAR "does not prohibit the use of the other techniques in any circumstances."  *Id.* 18 (emphasis omitted).  KBR echoes that argument, claiming that "the

---

[2]   In addition to KBR and Vectrus, two additional defendant-intervenors, PAE-Parsons Global Logistics Services, LLC and Fluor Intercontinental, Inc., participated in the underlying protest.  However, only KBR and Vectrus responded to plaintiff's Response to Defendant's Corrective Action Status Report and plaintiff's Supplemental Response to Defendant's Completed Administrative Record.

Army reasonably determined that the comparison of prices received as part of adequate price competition was insufficient to establish reasonableness," and that "DynCorp is simply mistaken that the Army had to rely on adequate price competition alone to establish that offerors submitted fair and reasonable prices." KBR's Resp. at 9. Vectrus likewise alleges that the Agency's decision to utilize the price analysis technique in FAR 15.404-1(b)(2)(vii) is "perfectly acceptable and expressly endorsed by the FAR." Vectrus's Resp. at 10. Finally, defendant and defendant-intervenors argue that the Army did not violate the Court's instructions in failing to complete new best-value tradeoff evaluations and source selection decisions on corrective action. *See* Def.'s Resp. at 12; KBR's Resp. at 15; Vectrus's Resp. at 9 n.2.

After a careful review of the parties' arguments and the corrective action documents, the Court concludes that the Army complied with the FAR. FAR 15.404-1(b)(2) provides a list of price analysis techniques that agencies may use in evaluating price reasonableness. FAR 15.404-1(b)(3) provides an agency with the discretion to select which evaluation technique it will use, stating that

> [t]he first two techniques at 15.404-1(b)(2) are the preferred techniques. However, if the contracting officer determines that information on competitive proposed prices or previous contract prices is not available or is insufficient to determine that the price is fair and reasonable, the contracting officer may use any of the remaining techniques as appropriate to the circumstances applicable to the acquisition.

FAR 15.404-1(b)(3). Those two "preferred" techniques are (i) "[c]omparison of proposed prices received in response to the solicitation" and (ii) "[c]omparison of the proposed prices to historical prices paid, whether by the Government or other than the Government, for the same or similar items." FAR 15.404-1(b)(2). Plaintiff argues that the language of FAR 15.404-1(b)(3) is not permissive, but rather requires that an agency use one of the preferred techniques unless the contracting officer "first determine[s] that (i) and (ii) were not available or insufficient to evaluate price reasonableness." Pl.'s Remand Resp. at 13 (citing FAR 15.404-1(b)(3)). The Court does not agree with plaintiff's interpretation of that language.

Plaintiff's understanding of FAR 15.404-1(b)(2)–(3) is inconsistent with the plain language of that regulation. The language in FAR 15.404-1(b) is permissive, not prohibitive, and it affords contracting officers with the discretion to select which evaluation technique he or she wishes to use in analyzing price reasonableness. In fact, FAR 15.404-1(b)(2) explicitly states that the "Government *may use* various price analysis techniques and procedures to ensure a fair and reasonable price." (emphasis added). Examples of price analysis techniques "include, but are not limited to," the seven price analysis techniques explicitly enumerated under FAR 15.404-1(b)(2). While plaintiff may be correct that the first two analysis techniques are the "preferred" techniques, nothing in the regulation states that they *must* be used. In fact, this Court has previously held that the "FAR lacks an explicit directive to contracting agencies mandating the use of any particular analytical tool in evaluating the reasonableness and realism of an offeror's price." *Ala. Aircraft Indus. v. United States*, 83 Fed. Cl. 666, 696 (2008). On the contrary, FAR 15.404-1(b)(3) explicitly dictates that, "if the contracting officer determines that information on competitive proposed prices or previous contract prices is not available or is insufficient to determine that the price is fair and reasonable," the contracting officer may utilize

a different price analysis technique.  Clearly, such a decision falls soundly within the discretion of the contracting officer.  *See, e.g.*, *Survival Sys. USA, Inc. v. United States*, 102 Fed. Cl. 255, 269 (2011) ("FAR § 15.404-1(b)(2) permits the government discretion in its choice of method to determine price reasonableness."); *see also Labat-Anderson Inc. v. United States*, 50 Fed. Cl. 99, 106 (2001) ("[T]he nature and extent of an agency's price realism analysis are matters within the agency's discretion.").  Thus, it seems entirely proper that, on corrective action, the Agency chose to analyze "data other than certified cost or pricing data (as defined at 2.101) provided by the offeror," as that technique is explicitly enumerated as an available price analysis technique.  FAR 15.404-1(b)(2)(vii).

In addition to finding that the Agency's price reasonableness determinations did not violate the FAR, the Court concludes that the Agency adequately complied with the Court's instructions on corrective action.  Plaintiff alleges that '[t]he Army failed to document its new and independent source selection decision and best-value tradeoff, in contravention of the terms of the [Request for Proposals] and the requirements of FAR 15.101-1 and 15.308, as expressly required by this Court."  Pl.'s Remand Resp. at 23.  In response, defendant contends that "the Army was under no obligation to conduct a new best-value determination after it determined that all of the offerors' prices were reasonable."  Def.'s Resp. at 12 (emphasis omitted).  KBR reiterates that argument by citing to the Court's own words, which directed that "[a] new best-value determination will only be required if, upon a finding that any of the offerors' prices are unreasonable, the Agency is required to enter into discussions related to price reasonableness or re-award any of these contracts."  KBR's Resp. at 16 (quoting KBR's Resp., Ex. B at 1 (emphasis in original)).  As the Agency determined that all of the offerors' proposed prices were reasonable, the Court finds that neither a new best-value determination nor a new source selection decision was required on corrective action.

As the Agency adequately conducted its price reasonableness determinations on corrective action in accordance with the FAR and the Court's instructions, the Court finds no just cause to overturn the Agency's award decision or to enter judgment in favor of the plaintiff.  As such, this case is hereby **DISMISSED**.  The Clerk is directed to enter judgment in favor of defendant and defendant-intervenors.

    **IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge